```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

SUSAN M. VANDY,                  :
                                 :     Civil Action No. 05-3970 (NLH)
        Plaintiff,               :
                                 :
    v.                           :     **OPINION**
                                 :
E. DAVID MILLARD,                :
                                 :
        Defendant.               :

**APPEARANCES:**

Susan M. Vandy
1014 Highland Avenue
Cinnaminson, NJ 08077

    *Pro se*

Kimberly Ann Sked, Esquire
Office of the NJ Attorney General
RJ Hughes Justice Complex
25 Market Street
PO Box 112
Trenton, NJ 08625-0112

    *Attorney for Defendant*

**HILLMAN**, District Judge

    This matter has come before the Court on Defendant's motion to dismiss Plaintiff's Complaint pursuant to Federal Civil Procedure Rule 12(b)(6).  Plaintiff has not opposed Defendant's motion.

    Plaintiff, Susan M. Vandy, *pro se*, claims that her constitutional rights under the First, Fifth, Ninth, and Fourteenth Amendments were violated when Defendant, David Millard, a family court judge in the Superior Court of New Jersey, Family Part, Burlington Vicinage, denied her application

for a permanent domestic violence restraining order.  Plaintiff appealed to the New Jersey appellate court, which affirmed Judge Millard's decision.  Plaintiff did not seek the New Jersey Supreme Court's review of the appellate court's decision.

In her Complaint here, Plaintiff claims that Judge Millard violated her right to a fair trial, violated her right to free speech, and that he denied her procedural and substantive due process.  Plaintiff further claims that Judge Millard failed to disclose to her a pretrial statement sent to him, and that he attempted, with defense counsel, to have Plaintiff incriminate herself.  Plaintiff requests that this Court order Judge Millard to grant a permanent restraining order against certain individuals.  She also seeks declaratory relief, unspecified damages, and costs of litigation.  Judge Millard has moved to dismiss Plaintiff's Complaint pursuant to Federal Civil Procedure Rule 12(b)(6).

Even though a *pro se* Complaint must be construed liberally,[1] Plaintiff's Complaint must be dismissed for numerous reasons. Two of the primary reasons requiring dismissal of her claims are based on the principles of sovereign immunity and judicial immunity.  First, it is well-established that Judge Millard, as a state officer acting in his official capacity, cannot be sued

---

[1] "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 107 (1976).

under the principles of sovereign immunity.  Quern v. Jordan, 440 U.S. 332, 342 (1979) (reaffirming "that a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment").  Second, another long-held doctrine prohibits Plaintiff's claims against Judge Millard because he is entitled to absolute judicial immunity.  Mireless v. Waco, 502 U.S. 9, 9-10 (1991)(explaining that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages," and that "judicial immunity is not overcome by allegations of bad faith or malice"); Briscoe v. LaHue, 460 U.S. 325, 334 (1983) ("We have held that state judges are absolutely immune from liability for their judicial acts.").

In addition to Judge Millard's immunity on Plaintiff's claims, Plaintiff's claims are barred by the Rooker-Feldman abstention doctrine.  The Rooker-Feldman abstention doctrine bars lower federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment.  Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); FOCUS v. Allegheny County Ct. of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996).  By asking this Court to order Judge Millard to issue a restraining order, and to otherwise review Judge Millard's decision in Plaintiff's state court case,

3

Plaintiff is requesting that this Court act as a court of appeals over the state court proceedings.  The Rooker-Feldman doctrine prohibits this Court from considering Plaintiff's request.

Consequently, because Judge Millard is immune from suit, and Plaintiff's claims are barred by the Rooker-Feldman abstention doctrine, Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted.  An appropriate order will be entered.


Dated: March 20, 2007                s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

4